JONES *v.* WOLFORT.

Opinion delivered November 12, 1906.

MORTGAGE—SATISFACTION.—Where A sold a mule to B, agreeing to let him have another if it was not satisfactory, and B executed to A a note and mortgage as security, on B returning the mule and receiving another in exchange the effect was not to satisfy the note and mortgage, but to leave them in full force.

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

*James A. Comer,* for appellant. ·

1. When appellee without objection received the first mule sold when it was returned to him, and afterwards resold it to

other parties, this was a conversion of the mortgaged property by the mortgagee, and amounted to a satisfaction *pro tanto* of the mortgage and note. Jones on Chat. Mortg. § 650; 5 Mich. 423; 9 Mich. 42; 2 Bosworth (N. Y.), 558. See also Pingrey on Chat. Mortg. 597; 24 Me. 131.

2. Appellant, as surety for Garrett, had a right to pay the debt and take the property, if the latter failed to do so. Brandt on Suretyship, § 79. Appellee's act in taking back the first mule diminished appellant's security, since he would have no lien on the second mule purchased by Garrett. When a creditor does an act which is injurious to the surety, the latter is thereby discharged, and may set up such conduct as a defense to a suit brought against him. 6 Ark. 317; 71 Ark. 199; 69 Ark. 126; 66 Ark. 287; 65 Ark. 550.

*Bradshaw, Rhoton & Helm,* for appellee.

The record is clear that appellant and Garrett purchased a mule from appellee, and that it was agreed between the parties that the mule would be exchanged for another if it did not suit purchasers. The mortgage was given to secure any advances of goods, wares, merchandise, supplies, etc., furnished either appellant or Garrett. It would cover the second mule even if the first had not been returned.

BATTLE, J. Wolfort sold to Thomas Jones and James Garrett a mule for $185, with the understanding and on condition that, if it did not suit or was not satisfactory, he would let them have another in lieu of it. They executed to him a promissory note for the purchase money, and a mortgage to secure the payment of the same. The mule did not prove satisfactory, and they returned it, and Wolfort let them have another in lieu of it, as he agreed to do, and the latter died from ill treatment. Jones then brought suit in the Pulaski Chancery Court to require Wolfort to satisfy the note and mortgage; and Wolfort filed a cross-complaint, and asked that the mortgage be foreclosed. The court rendered a decree against Jones for so much of the note as remained unpaid, and for the foreclosure of the mortgage.

The return of the mule first sold did not satisfy the note or mortgage. One of the terms of the sale was that it might be returned and another substituted for it, which was done. The return did not satisfy the note or release the makers. That was

not the contract. The effect of it and the substitute was to leave the parties and note and mortgage in the same condition they would have been had the second mule been sold, instead of the first, and had been the only mule sold.